2025 IL App (1st) 241306-U

No. 1-24-1306

Order filed October 31, 2025

FIFTH DIVISION

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| HERIBERTO TREVINO, JR., | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County, |
| | ) | Chancery Division. |
| v. | ) | |
| | ) | No. 23 CH 5167 |
| THE RETIREMENT BOARD OF THE POLICEMEN'S | ) | |
| ANNUITY AND BENEFIT FUND OF THE CITY OF | ) | |
| CHICAGO, | ) | |
| | ) | Honorable |
| Defendant-Appellee. | ) | Cecilia A. Horan, |
| | ) | Judge, presiding. |

_____

PRESIDING JUSTICE MITCHELL delivered the judgment of the court.
Justice Mikva and Justice Tailor concurred in the judgment.

**ORDER**

¶ 1    *Held*:   The police retirement board's denial of plaintiff's claim for duty disability pension benefits was not against the manifest weight of the evidence, so we affirm.

¶ 2    Plaintiff Heriberto Trevino, Jr., a retired Chicago police officer, appeals the decision of the

Retirement Board of the Policemen's Annuity and Benefit Fund of the City of Chicago to deny

plaintiff's application for duty disability benefits for the time frame of September 28, 2020, to

March 1, 2022, under the Illinois Pension Code (40 ILCS 5/5-101 *et seq.* (West 2022)). The end result is that plaintiff was awarded an ordinary disability benefit for the period worth 50% of his salary, rather than 75%. Plaintiff contends that the Board's decision was against the manifest weight of the evidence where it relied on a faulty medical opinion to conclude that plaintiff's cervical spine injuries and subsequent opioid treatment were not the result of injuries that plaintiff sustained while arresting a suspect on December 6, 2015.

¶ 3                                      I. BACKGROUND

¶ 4      Plaintiff had sustained multiple work-related injuries prior to the December 6, 2015, incident at issue here. In December 2012, plaintiff hyperextended his right shoulder while apprehending a suspect, which required surgery. He herniated discs in his neck in January 2014; it is not evident from the medical records whether the disc injuries were attributable to a specific work-related incident. On October 14, 2014, plaintiff tore the rotator cuff in his right shoulder while tackling and handcuffing a subject. Plaintiff returned to duty after each injury.

¶ 5      On December 6, 2015, plaintiff responded to a domestic battery call and injured his right shoulder, arm, and hand while subduing a subject who resisted arrest. Plaintiff was treated by Dr. Ho. After a course of physical therapy and steroid injections, Dr. Ho operated on plaintiff's shoulder on August 11, 2016, to repair his rotator cuff. He was prescribed physical therapy to recover.

¶ 6      In February 2017, plaintiff passed a firearms training test, which indicated that he was medically cleared to return to work. However, plaintiff continued to experience pain and was concerned that he could not perform his duties. He was prescribed 20 Norco pills, an opioid

medication, by Dr. Harsoor in March 2017. Dr. Harsoor instructed him to take it only on days that he underwent physical therapy. Plaintiff's primary care provider separately prescribed 120 pills.

¶ 7    Approximately six months later, in October 2017, doctors at the Illinois Spine and Scoliosis Center diagnosed plaintiff with disc injuries in his neck. He was initially treated with physical therapy. In June 2018, however, Dr. Malhotra began managing plaintiff's pain and ordered plaintiff to take significantly more Norco than what Dr. Harsoor had prescribed to recover from shoulder surgery.

¶ 8    Eventually, in May 2019, doctors operated on plaintiff's spine to repair the discs in his neck. After surgery, a new pain management specialist, Dr. Glaser, continued to prescribe opioids and recommended that he take Norco one or two times a day every six to eight hours. Plaintiff was unable to return to work because the opioids made it impossible to perform his duties.

¶ 9    However, plaintiff returned to work on March 1, 2022, while continuing to take high doses of the medication. He was assigned desk duty, continued to experience pain, and eventually retired about a year later on March 13, 2023.

¶ 10    At the hearing, plaintiff testified that he injured his spine during the December 6, 2015, arrest. He offered documentary evidence that confirmed that plaintiff indeed suffered injuries to his shoulder, arm, and hand during the incident.

¶ 11    The Board received a report from its independent medical examiner, Dr. Levin, who opined that based on his medical records, plaintiff did not suffer spinal injuries on October 14, 2014, or December 6, 2015.

¶ 12    The parties stipulated that plaintiff's daughter would testify that, "because of the high levels of medication," since December 2015, and not before, plaintiff was "pretty much

incapacitated" to the point that she had to drive him, help him write, and accompany him to meetings with counsel.

¶ 13    The Board voted three-to-three on plaintiff's claim. Accordingly, plaintiff was *not* awarded duty disability benefits under the Pension Code, which requires a majority vote to award benefits. 40 ILCS 5/5-182. Plaintiff timely filed a petition for administrative review in the circuit court under the Administrative Review Law (735 ILCS 5/3-101 *et seq.* (West 2022)). The circuit court affirmed the Board's decision. This timely appeal followed. Ill. S. Ct. R. 303 (eff. July 1, 2017).

¶ 14                                  II. ANALYSIS

¶ 15    On appeal, plaintiff contends that the Board's decision to deny duty disability benefits was against the manifest weight of the evidence where the Board heavily credited Dr. Levin's report, which plaintiff contends evaluated the wrong injury. Plaintiff also argues the Board failed to make a finding as to whether his injuries arose from an act of duty. The Board maintains that plaintiff did not produce any evidence that his spinal injuries and subsequent opioid treatment were caused by the December 6, 2015, incident—apart from plaintiff's testimony.

¶ 16    In administrative review, we review the decision of the administrative agency rather than the circuit court, and our review extends to all questions of fact and law presented by the record. *Shirley v. Village of Clarendon Hills Police Pension Fund*, 2024 IL App (3d) 230257, ¶ 17. Plaintiff urges a clearly erroneous standard under the theory that the Board's interpretation of act of duty is a question of law. Indeed, mixed questions of fact and law are reviewed under the clearly erroneous standard, and an administrative agency's interpretation of "act of duty" would be a question of law. *Gilliam v. Board of Trustees of City of Pontiac Police Pension Fund*, 2018 IL App (4th) 170232, ¶¶ 20, 24. However, here, the issue does not turn on an interpretation of "act of

duty"; the parties do not dispute whether plaintiff was performing an act of duty when he apprehended the suspect on December 6, 2015. Rather, "the sole issue is whether a work-related incident is a cause of a claimant's disability ***." *Carrillo v. Park Ridge Firefighters' Pension Fund*, 2014 IL App (1st) 130656, ¶ 22. This is a "purely factual determination which we review under the manifest weight of the evidence standard." *Id.*

¶ 17    Under the manifest weight standard, we reverse the administrative decision "only if the opposite conclusion is clearly evident." (Internal quotation marks omitted.) *Shirley*, 2024 IL App (3d) 230257, ¶ 20. We cannot reweigh the evidence or reverse agency findings merely because an opposite conclusion is reasonable. *Id.* "[F]indings and conclusions of the administrative agency on questions of fact shall be held to be *prima facie* true and correct ***." (Internal quotation marks omitted.) *Id.* "So long as the record contains evidence supporting the administrative agency's decision, the decision should be affirmed." *Id.*

¶ 18    Under the Pension Code, a police officer is entitled to duty disability benefits if the officer becomes "disabled *** as the result of injury incurred on or after such date in the performance of an act of duty." 40 ILCS 5/5-154(a) (West 2022). A "disability" is a "condition of physical or mental incapacity to perform any assigned duty or duties in the police service." *Id.* § 5-115.

¶ 19    A plaintiff-police-officer bears the burden of proof at the administrative hearing. *Marconi v. Chicago Heights Police Pension Board*, 225 Ill. 2d 497, 532-33 (2006). To prove causation, the plaintiff must show a "sufficient nexus" between the injury and the act of duty. (Internal quotation marks omitted.) *McCumber v. Board of Trustees of Oswego Fire Protection District Firefighters' Pension Fund*, 2019 IL App (2d) 180316, ¶ 52. The act of duty "need not be the sole or primary cause of the disability." *Id.* ¶ 53. "The claimant need prove only that the duty related accident is a

causative factor contributing to the claimant's disability." (Internal quotation marks omitted.) *Id.* ¶ 52. A duty disability pension "may be based on the duty-related aggravation of a claimant's preexisting condition." *Id.*

¶ 20     Here, the Board credited Dr. Levin's medical report, which stated that plaintiff's medical records do not support the claim that plaintiff suffered cervical spine injuries on October 14, 2014, or December 6, 2015. Further, the Board explained: (1) there are discrepancies between plaintiff's alleged dates of injury and the Board's record of the dates, and (2) plaintiff did not utilize any "injury-on-duty" time after the December 6, 2015, injury. Further, there was no direct evidence that plaintiff's spinal injuries were caused by acts of duty, apart from plaintiff's testimony that he injured his spine during the December 6, 2015, incident. Against this backdrop, the Board's decision was not against the manifest weight of the evidence.

¶ 21     To be sure, given that plaintiff suffered numerous acute injuries to his right shoulder in the line of duty, a reasonable person could *infer* that plaintiff's spinal injuries in his neck were causally connected to the incidents where he hurt his shoulder. However, when reviewing administrative agency decisions, "[i]t is not the court's function to resolve factual inconsistencies, nor is it the court's duty to weigh the evidence and then determine where the preponderance of the evidence lies." *Launius v. Board of Fire & Police Commissioners of City of Des Plaines*, 151 Ill. 2d 419, 427-28 (1992). As noted, a decision is against the manifest weight of the evidence "only if the opposite conclusion is clearly evident." (Internal quotation marks omitted.) *Shirley*, 2024 IL App (3d) 230257, ¶ 20. Given Dr. Levin's report and the dearth of evidence of causation, it is not clearly evident that plaintiff is entitled to duty disability benefits for the relevant period.

¶ 22    Defendant raises two additional issues, neither of which is persuasive. Defendant argues that Dr. Levin evaluated the wrong incident. Specifically, plaintiff notes a discrepancy in paragraph four of Dr. Levin's report. The paragraph asks for commentary on whether the officer can perform certain work-related duties. Dr. Levin answered that plaintiff could not perform various duties because plaintiff was on long-term use of opioids, unrelated to the occurrence on October 14, 2014. But the *diagnosis* section of Dr. Levin's report, in paragraph one, plainly addressed the causation question at issue: "The records reviewed above do not support an injury to [plaintiff's] cervical spine from [the] October 14, 2014 occurrence, nor do they support an injury to the cervical spine occurring on December 6, 2015 as [plaintiff] described to me occurred when seen on January 20, 2021." The Board was entitled to rely on Dr. Levin's report despite any discrepancy in paragraph four.

¶ 23    Next, plaintiff maintains that the Board did not make an "act of duty" finding, citing *Hampton v. Board of Trustees of Bolingbrook Police Pension Fund*, 2021 IL App (3d) 190416, ¶¶ 27-28. However, as noted, there is no dispute that plaintiff acted in the line of duty when he suffered acute injuries to his shoulder, arm, and hand on December 6, 2015. The issue was whether plaintiff's spine injuries in his neck were *caused* by the December 6, 2015, injury, and the Board settled that factual dispute.

¶ 24                                    III. CONCLUSION

¶ 25    Accordingly, we affirm the Board's decision.

¶ 26    Board decision affirmed; circuit court affirmed.